DINA TAUBENFELD, Plaintiff, *v.* HENRYK TAUBENFELD, Defendant.

Supreme Court, Special Term, Kings County, April 19, 1950.

*Rhea Josephson* for plaintiff.

*Nordlinger, Riegelman & Benetar* for defendant.

HART, J. Motion by plaintiff to compel defendant to accept service of reply. This is an action for divorce. Issue was joined by the service of an answer January 30, 1950. The answer contains an affirmative defense in which defendant states a divorce was granted in favor of defendant against plaintiff in the State of Nevada after due service of process upon the plaintiff herein. The proposed reply contains various allegations to the effect that the Nevada court did not have jurisdiction of the plaintiff herein and sets forth various facts which it is claimed support the conclusion alleged in said reply that said divorce is not binding. The proposed reply was returned by the defendant's attorney with the statement that there is no authority in law for the service of same. Section 243 of the Civil Practice Act specifically provides: " An allegation of new matter in the answer to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires." The service of the reply of the plaintiff herein is unnecessary. The allegations contained in the affirmative defense to the effect that a valid divorce was granted in the State of Nevada " is deemed controverted by the adverse party " (plaintiff). Section 274 of the Civil Practice Act provides: " Where an answer contains a new matter constituting a defense by way of avoidance, the court, in its discretion, on the *defendant's* application, may direct the plaintiff to

reply to the new matter. In that case the reply and the proceedings upon failure to reply are subject to the same rules as in the case of a counterclaim.'' (Italics supplied.) There is no similar provision for an order permitting a reply to be served on plaintiff's application. Motion denied. Submit order.