Edward G. Baker, J.
In an action for libel and slander defendant moves for summary judgment on the basis that the said causes are outlawed by the Statute of Limitations. The alleged libel and slander occurred on April 1 and 2, 1958. The action herein was commenced on January 25, 1960. Ordinarily under these circumstances the action would be barred since it was brought later than the one-year period prescribed by subdivision 3 of .section 51 of the Civil Practice Act. However, upon consideration of all the facts it appears that plaintiff’s action is not barred.
Prior to the institution of the present action plaintiff on March 3, 1959 commenced an action in Queens County against the defendant for the same libel and slander. The complaint was dismissed for insufficiency but with leave to plaintiff to serve an amended complaint. The amended complaint was also dismissed for insufficiency and plaintiff was given leave to serve a second amended complaint within 10 days after the service of the order. The order was entered on July 23, 1959 and served upon plaintiff on the following day. Plaintiff failed to avail himself of the opportunity afforded to him, but approximately *732 six months thereafter he commenced the present action by the service of a new summons and complaint. The defendant then moved to dismiss the action on the ground that there was another action pending in Queens County between the same parties for the same cause. On the return date of the motion the parties entered into two stipulations. One stipulation provided that the Queens County action be discontinued upon payment of costs by plaintiff to defendant. The .second stipulation provided that the motion to dismiss on the ground that another action was pending be changed to one to dismiss on the ground that the complaint fails to state a cause of action. The motion to dismiss was granted, but eventually plaintiff served a complaint which has been deemed sufficient by this court. The defendant then answered setting up the Statute of Limitations as an affirmative defense. Under these facts it appears to me that the plaintiff having instituted this action within one year after the order of July 23, 1959, is not barred by subdivision 3 of section 51 of the Civil Practice Act.
Section 23 of the Civil Practice Act provides: “If an action is commenced within the time limited therefor, and * * * the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination.”
As noted previously the parties entered into a stipulation to discontinue the Queens County action. The action, however, was n.ot terminated by reason of such stipulation but previously by reason of the order of July 23, 1959 which dismissed the complaint. That order made it mandatory for the continuance of the action that an amended complaint be served within 10 days after the service of the order. The order coupled with the omission to serve the amended complaint within the prescribed time terminated the action (Owens v. Loomis, 19 Hun 606; cf. Troiano v. Kinney Motors, 276 App. Div. 869). The further entry of a judgment on the order was not necessary to fix the termination of the action (Friedman v. Long Is. R. R. Co., 273 App. Div. 786; Brumel v. Hartford Fire Ins. Co., 158 Misc. 311). The stipulation discontinuing the action was accordingly an insignificant gesture with respect to the right to bring another action and cannot be deemed as a voluntary discontinuance of the previous action.
The failure of the plaintiff to serve an amended complaint as authorized in the order of Julv 23.1959 does not constitute a dis *733 missal for neglect to prosecute or a voluntary discontinuance (cf. Harris v. Harris, 246 App. Div. 667). Nor was the dismissal on the ground that the complaint failed to state a cause of action a dismissal on the merits (Richard v. American Union Bank, 253 N. Y. 166).
The motion for summary judgment is denied. Plaintiff’s cross motion for leave to serve a reply to the affirmative defense is denied (Taubenfeld v. Taubenfeld, 197 Misc. 1072).