William T. Cowin, J.
This is a motion for an order substituting one Leopold Paskes, administrator of the goods, chattels and credits of the now deceased infant plaintiff, as the plaintiff in the instant action in the place and stead of the infant plaintiff; and for a further order permitting the plaintiff to serve an amended complaint adding to the cause of action for damages for the pain and suffering caused infant plaintiff prior to his death, a cause of action for wrongful death of said infant plaintiff; and for related relief.
The defendant’s opposition is confined to that branch of the motion seeking leave to amend the complaint by the additional inclusion of a cause of action for wrongful death. It is not disputed that such amendment is sought more than two years after the infant plaintiff’s death. No excuse has been offered for the delay. It is defendant’s contention that the proposed amended cause of action is barred by section 130 of the Decedent Estate Law which provides that an action for wrongful death “must be commenced within two years after the decedent’s death.”
At the time the Civil Practice Law and Rules went into effect on September 1, 1963 the applicable two-year Statute of Limitations (Decedent Estate Law, § 130) had already barred commencement of any action to recover for wrongful death in this case. Therefore subdivision (e) of 203 of the Civil Practice Law and Rules, which permits the amendment of a complaint to assert a new claim if the original pleading gives notice of the occurrence to be proved, is not dispositive of this issue. (See *1005 CPLR 218, subd. [a].) In any event, the court is not persuaded that the original cause of action to recover for personal injury conveys such notice of the additional facts to be proved under the proposed cause of action as would permit application of subdivision (e) of 203.
The question whether the proposed cause of action is to be allowed resolves itself, at best, into a question of whether such cause of action is allowable under the rule enunciated in Harriss v. Tams (258 N. Y. 229).
The rule in substance is that a complaint may be amended to introduce an additional claim ordinarily time-barred only if the new claim is based upon the same liability or obligation involved in the original cause of action. The new action is said then to relate back to the commencement of the action originally pleaded.
Section 130 of the Decedent Estate Law in authorizing an action for wrongful death has created a new and original cause of action separate and distinct from that which permits recovery for the personal injuries sustained by a decedent (Greco v. Kresge Co., 277 N. Y. 26, 31-32). “ Here, more than two years having passed, the amendment, introducing as it did a new and distinct cause of action, does not relate back to the beginning of the action so as to avoid the bar of the statute of limitations, Union Pacific Railway v. Wyler, 158 U. S. 285, 296-298.” (Baltimore & O. S. W. R. Co. v. Carroll, 280 Uu. S. 491, 495; Hudson v. Lazarus, 217 P. 2d 344.)
So much of the motion as seeks to substitute the administrator in place and stead of the deceased infant plaintiff, as the plaintiff in this action, is granted; and the motion is in all other respects denied.