Millard L. Midonick, J.
That part of plaintiffs’ motion to amend the caption of the action substituting Shirley Berlin as executrix of the estate of Abraham Ash in place of Abraham Ash is granted without opposition.
In respect to that part of the motion to amend the complaint to add a fifth cause of action for wrongful death of Abraham Ash, a novel problem is squarely presented: whether the Statute of Limitations can be satisfied by relating back a wrongful death cause of action amendment now proposed to be made to the time when the original pleading for damages for personal injury to the decedent was made.
The plaintiffs instituted this action in this court in 1963. On November 27, 1963, an application to transfer the case to the Supreme Court was originally granted. As part of that motion in the Supreme Court, the plaintiffs made a motion to add a new cause of action for wrongful death, Abraham Ash having died on July 11, 1963, allegedly because of the same original personal injury herein suffered two years earlier. That part of the motion was originally granted. A supplemental summons and amended complaint including said cause of action for wrongful death was served on February 10, 1964. Thereafter, defendant made a motion for reargument and upon such reargument the entire motion was denied, thereby rejecting leave to transfer the case to the Supreme Court, and also declining leave to amend the complaint to include a cause of action for wrongful death. That decision was affirmed by the Appellate Division on November 5, 1964. (22 A D 2d 770.)
*1074 The defendant has raised the Statute of Limitations as a complete defense to the fifth cause of action, for wrongful death. Section 130 of the Decedent Estate Law provides that an action for wrongful death must be commenced within two years after decedent’s death. It is conceded that this motion is made more than two years after decedent’s death.
Since defendant opposes the amendment as barred by the Statute of Limitations at the time of the motion, there is no point to permitting a vain amendment unless it is now held that the added cause of action for wrongful death would be timely by relation back to the original commencement of this suit.
CPLR. 203 (subd. [e]) provides the following: “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading ” (emphasis supplied).
In Paskes v. Buonaguro (42 Misc 2d 1004) the court held that section 130 of the Decedent Estate Law in authorizing an action for wrongful death created a new and original cause of action separate and distinct from that which permits recovery for the personal injuries and pain and suffering sustained by a decedent prior to his death (see Greco v. Kresge Co., 277 N. Y. 26, 31, 32). The court refused to allow an amendment adding the cause of action for wrongful death. The Pashes case is distinguishable from the action now before me because at the time the CPLR went into effect on September 1, 1963, the applicable two-year Statute of Limitations under section 130 of the Decedent Estate Law had already barred commencement of any action to recover for wrongful death whereas in the action now before me the Statute of Limitations had not barred this cause of action for wrongful death until July, 1965. Therefore, in the Pashes case CPLR 203 (subd. [e]) did not apply and the interpretation of that section was dictum. In the case now before me, CPLR 203 (subd. [e]) does apply.
The Paskes decision in the Supreme Court of Kings County was quite clear that the court’s discretion was nil as required by CPLR 218, and this was the only holding (42 Misc 2d 1004): “ At the time the Civil Practice Law and Rules went into effect on September 1, 1963 the applicable two-year Statute of Limitations (Decedent Estate Law, § 130) had already barred commencement of any action to recover for wrongful death in this case. Therefore subdivision (e) of 203 of the Civil Practice Law and Rules, which permits the amendment of a complaint to *1075 assert a new claim if the original pleading gives notice of the occurrence to be proved, is not dispositive of this issue. (See CPLR 218, subd. [a]).”*
In Paskes, the court having been constrained by CPLR 218 not to revive a cause of action, the further observation, ibid., as follows, is not only obiter dictum, but is contrary to the intention of the Legislature (p. 1005): “In any event, the court is not persuaded that the original cause of action to recover for personal injury conveys such notice of the additional facts to be proved under the proposed cause of action as would permit application of subdivision (e) of 203.”
In the case at bar, the original allegation gave clear notice that the decedent was personally injured by the negligent impact to the vehicle in which he was a passenger when defendant’s vehicle collided with the rear of the decedent’s stationary vehicle.
Professor Joseph M. McLaughlin, Fordham University School of Law, a member of the editorial board for practice commentaries, McKinney’s Consolidated Laws of New York, agrees with this court in taking issue with the dictum in the Paskes case (supra). In volume 16 of the Syracuse Law Review at page 429, Professor McLaughlin reasoned with reference to the Pashes situation that, but for the saving clause of CPLR 218 (subd. [a]), barring revival of clauses already barred on September 1, 1963 by Harriss v. Tams (258 N. Y. 229) both Pashes and this case at bar involve a clearly permissible amendment relating back: 1 ‘ Amendment.— The abrogation of the rule of Harriss v. Tams [258 N. Y. 229] by CPLR Section 203(c) is nowhere more apparent than in Paskes v. Buonaguro [42 Misc 2d 1004] where a motion to amend a complaint to add a cause for wrongful death was denied. A timely action for personal injuries had been commenced, but, for some unexplained reason, no claim for wrongful death had been included. More than two years after death, it was sought to include the claim by way of amendment. * * * If CPLR Section 203 (e) were to apply, the statute of limitations on the amended cause of action would relate back to the original service of process, where the original complaint ga/oe notice of the transaction out of which the amended complaint arose. Under that test, the death action should not be barred, although, if might be added, the court did not find this conclusion so obvious.” Since CPLR 218 prohibited revival of a barred cause of action *1076 under the Harriss rule, CPLR 203 (subd. [e]) could not be applied in Paskes. Since CPLR 203 (subd. [e]) can be applied, and should be applied, in the case at bar, it is hereby applied.
In volume 1 of New York Civil Practice by Weinstein-Korn-Miller (1965 Supp., par. 203.30, p. 2-98) that part of the Pashes case which reasons that the notice called for by CPLR 203 (subd. [e]) was lacking merely because a new and distinct cause of action for heirs arose at the death of the negligently injured decedent was also criticized as being contrary to the spirit of the new provision.
Prior to CPLR 203 (subd. [e]), there was no statutory provision in New York governing the effect of Statutes of Limitation upon claims asserted in an amended pleading where the claims asserted in the original pleading- were timely interposed but the period had run by the time of the amendment.
Harriss v. Tams (258 N. Y. 229, supra) was the leading case on this subject. The Harriss case held that an amendment which merely expands the allegations supporting the cause of action originally asserted, relates back, while an amendment which introduces a new or different cause of action is the equivalent of a new suit. This rule was clearly restrictive. CPLR 203 (subd. [e]) is intended to expand the class of amended pleadings which relate back to the original pleadings, and the Advisory Committee’s notes show that they wanted to overcome the effect of the Harriss case (see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.29, pp. 2-70 to 2-71; 2 N. Y. Advisory Committee Rep. 50, 51 [1958]).
The Advisory Committee chose even more permissive terminology than that of subdivision (c) of rule 15 of the Federal Rules of Civil Procedure. Therefore, the Federal cases should have permissive but not restrictive effect in cases arising under CPLR 203 (subd. [e]). The New York provision is even more liberal than the Federal in that it requires only that the original pleading give “notice” of the transactions or occurrences to be approved under the amendment, and also refers to a series of transactions or occurrences whereas the test under the Federal rule is whether the amended claim arose out of the conduct, transaction or occurrence set forth in the original pleading (see Weinstein-Korn-Miller, op. cit., supra, par. 203.30, pp. 2-71 to 2-73).
As .stated above, in the Paskes case, the court held that section 130 of the Decedent Estate Law created a new and original cause of action separate from that which permits recovery for personal injuries sustained by a decedent and cited the Greco case (supra), for that rule of law. In the Greco case, the Court *1077 of Appeals was not concerned with the question of the Statute of Limitations, addressing itself instead to whether the implied warranty of fitness for human consumption under section 96 of the Personal Property Law, constituted a wrongful act within the meaning of section 130 of the Decedent Estate Law, so that the plaintiff administrator could have a wrongful death action. The Court of Appeals held that the wrongful death statute did apply to a breach of warranty as to fitness for human consumption. In that case, at page 36 the court quoted the following from a decision by Justice Oliver Wendell Holmes, temporarily presiding as a Circuit Justice in Johnson v. United States (163 F. 30, 32): “ The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed ”.
Therefore, it appears to be quite contrary to the spirit of the Greco case to use it for the restrictive application suggested in the Paskes case dictum.
In the Paskes case, the court referred to Baltimore & Ohio Southwestern R. R. Co. v. Carroll (280 U. S. 491) which held that a wrongful death action is a distinct cause of action not related to the personal injury action of the decedent and that the amended claim does not relate back to the original pleading. That case was decided in 1930. According to rule 86 of the Federal Rules of Civil Procedure these rules became effective in 1938. Therefore, subdivision (c) of Federal rule 15 did not apply in that case. However, Hudson v. Lazarus (217 F. 2d 344, 345 [C. A., D. C.]) did apply the rule of the Baltimore case (supra). The Hudson case was decided in 1954 when subdivision (c) of rule 15 of the Federal Rules of Civil Procedure applied.
As stated heretofore, the Federal cases are persuasive but certainly not binding on this court. Furthermore, CPLR 203 (subd. [e]) appears to be more liberal. There is no equitable (or legal) reason why a personal injury action in the original pleading does not give notice of a wrongful death, allegedly caused by the original negligent injury, in an amended pleading.
•On the facts of the case now before me, the defendant was given notice of the amended claim for wrongful death in November, 1963, when the motion was made in the Supreme Court and an amended pleading was served in February, 1964. It is sufficient for relation back that the defendant was at all times aware from sources other than the pleadings of the matters raised by the amendment (see 1A Barron and Holtzoff, Fed. Prac. and Pro., § 448, p. 767; cf. Kelcy v. Tankers Co., 217 F. 2d 541, 543). Thus, the allegations of the proposed amendment to add a fifth *1078 cause of action for wrongful death on July 11, 1963, relate to a death allegedly caused by the selfsame negligent collision and personal injury of June 18, 1961. The “ notice ” contained in the original complaint in its third cause of action was amplified in the unsuccessful effort to transfer this action to the Supreme Court, in a supporting affidavit of a qualified physician, verified on October 10, 1963, wherein the doctor avers:
“ That with respect to an automobile accident in which abraham ash was involved on June 18, 1961, I treated the said abraham ash for the following injuries:
“ Strain and sprain of muscles and ligaments of paravertebral area of cervical spine “ Cerebral concussion
‘ ‘ Heart Disease, aggravated by nervous trauma and excitement caused directly by the automobile accident of 6/18/61, in which he was involved.
‘ ‘ Electrocardiogram taken by me on 6/19/61 indicated
“ 1 — Prolonged QBS interval
“ 2 — Inverted T waves in Leads V3, 4, 5, 6
“ 3 — Low T waves in Leads I, II, AVL
“ 4 — BSB' in Leads III, YI, 2
‘ ‘ 5 —ST segment depressed V 3, 4, 5
“ Mr. Ash had a history of heart disease before the accident. The accident aggravated the heart condition. Treatment of the heart condition was continued after the accident by Dr. Van Dyne, with the gradual deterioration and death due to heart disease.
“ The above injuries and the aggravation of his heart condition and subsequent death are causally related to the automobile accident of June 18,1961.”
CPLB 203 (subd. [e]) must be liberally interpreted. I hold that the action for wrongful death under section 130 of the Decedent Estate Law relates back to the original complaint served in 1963, and the two-year provision in section 130 is not a bar to this amended cause of action for wrongful death. The Harriss doctrine (supra) having been overruled by the Legislature, is no longer binding in New York.
Accordingly, that part of the motion to amend the complaint to add a fifth cause of action for wrongful death of Abraham Ash is granted, and plaintiffs are given leave to serve and file a supplemental summons and amended complaint within 30 days from date of entry of this order.
*1079 Finally, it is further ordered that the terms upon which this leave to amend is granted include the condition subsequent that defendant shall have reasonable continuances in order to complete any pretrial disclosure procedures relative to the proposed fifth cause of action for wrongful death.

 CPLR 218 (subd. [a]) provides: “ Actions barred at effective date. Nothing in this article shall authorize any action to be commenced which is barred when this article becomes effective ”.