D. Vincent Cerrito, J.
This is a motion by the defendant seeking to dismiss the complaint herein pursuant to CPLR 3211 (subd. [a], par. 7) upon the ground that the complaint fails to state a cause of action.
Plaintiff cross-moves to amend and supplement the complaint and bill of particulars nunc pro tunc, by adding, in substance, an allegation that the “ hook ” latch manufactured, installed and distributed by the defendant had a latent defect, peculiarly within the reasonably foreseeable knowledge of the defendant, and constituted a hazard unknown to the plaintiff.
The motion arises out of an action which was commenced to recover damages for injuries sustained by the plaintiff, an employee of a third person, while he was attempting to step down *309 from a certain crane he was operating, which crane was manufactured and sold by the defendant.
The defendant argues that the complaint is fatally defective as it does not state a cause of action, because it fails to allege that the crane possessed a latent defect or a danger unknown to the plaintiff, which latent defect or dangerous condition the defendant foresaw or should reasonably have foreseen as a danger to one using the machine for its intended purpose.
The defendant’s position is correct. A manufacturer’s liability for injuries to remote users is predicated upon the duty of guarding against a latent or hidden defect and of giving notice of concealed dangers, which latent defect or hidden danger the manufacturer foresaw or should reasonably have foreseen as a danger to its user. The omission of such a recital in a complaint is fatal tó the existence of a cause of action. (See Sarnoff v. Charles Schad, Inc., 22 N Y 2d 180; Inman v. Binghamton Housing Auth., 3 N Y 2d 137, 145; Campo v. Scofield, 301 N. Y. 468.)
An examination of the complaint before me reveals the absence of any such recital, which ordinarily would require me to dismiss the complaint.
Such a dismissal, however, would not be on the merits, and would not bar another action brought for the same cause, where the defects or omissions in the original complaint or action are corrected or supplied by the pleading in the second action. (See Cohen & Sons v. Lurie Woolen Co., 232 N. Y. 112, 115; Allston v. Incorporated Vil. of Rockville Centre, 25 A D 2d 545.)
CPLR 205 (subd. [a]) provides that if an action is timely commenced (as it was in the action before me) and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits, the plaintiff may commence a new action upon the same cause of action within six months after the termination. The dismissal of a complaint on the ground that it failed to state a cause of action is not a dismissal on the merits. (See 2 Carmody-Wait 2d, New York Practice, §§ 13:246, 13:249; Richard v. American Union Bank, 253 N. Y. 166, 171; Storch v. Gordon, 37 Misc 2d 731.)
In view of the steps taken and completed in this action, namely, the bill of particulars, examinations before trial, I do not feel that the action should be commenced de novo. CPLR 203 (subd. [e]) provides that a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transaction, occurrences, or series of transactions or occurrences to be proved pursuant *310 to the amended pleading (see: 2 Carmody-Wait 2d, New York Practice, § 13:244), and where an amendment cures a complaint which fails to state a cause of action, yet apprises the defendant that the action is brought to remedy a wrong, the court may permit an amendment and the action is deemed commenced as of the date of service of the original process. (See 2 Carmody-Wait 2d, New York Practice, § 13:244; Harriss v. Tams, 258 N. Y. 229, 239, 240; CPLR 3025 (subd. [b]); Town Bd. of Town of Fallsburgh v. National Sur. Corp., 53 Misc 2d 23, affd. 29 AD 2d 726 [3d Dept.].)
In view of the foregoing, defendant’s motion to dismiss should be and hereby is denied. Plaintiff’s cross motion to amend the complaint and bill of particulars, as set forth in his affidavit on this motion, should be and hereby is granted. Plaintiff is hereby directed to serve said amended pleadings within 10 days after the entry of the order herein.