Samuel M. G-old, J.
This is a motion to amend the complaint stating a cause of action for personal injuries to add a cause of action for wrongful death.
The accident occurred in April, 1960. The personal injury action was commenced in April, 1963, just before the expiration of the Statute of Limitations. Plaintiff died of cancer in September, 1963. Her executor was substituted in the action in September, 1966 but, even then, one year after the expiration of the two-year Statute of Limitations for a wrongful death action, no motion was made to add such cause of action. This motion was not made until more than six years after death.
Moreover, the motion is not made on the basis of new findings. It is based on two letters of plaintiff’s doctor written prior to her death to the effect that her worrying about the injury to her eye resulting from this accident amounted to an aggravation in the recurrence of an ulcer developing into carcinoma of the stomach.
Plaintiff relies on Berlin v. Goldberg (48 Misc 2d 1073), where the court granted a motion to amend the complaint in a personal injury action made more than two years after death to add a cause of action for wrongful death allegedly resulting from the injuries. It was held that the amended pleading of the death cause of action related back for the purpose of the Statute of Limitations to the date of commencement of the personal injury action, since the original complaint purportedly gave ‘ ‘ notice of the * * * [occurrence] to be proved pursuant to the amended pleading ” (CPLR 203, subd. [e]).
The Advisory Committee proposed CPLR 203 (subd. [e]) “ to overcome the effect of Harriss v. Tams, 258 N. Y. 229 ”, *106 which held that a claim asserted in an amended pleading did not relate back to the service of the original pleading for the purpose of the Statute of Limitations if, even though based on the same transaction or occurrence, it alleged a 1 ‘ different obligation or liability ” from that set forth in the original pleading. Under CPLR. 203 (subd. [e]), entitled “Claim in amended pleading”, an amended pleading may, despite the expiration of the statute, allege a different obligation or liability if the original pleading gave notice of the transactions or occurrences to be proved pursuant to the amended pleading. CPLR 203 (subd. [e]) thus extends for an amended pleading the period applicable to the occurrence alleged in the original pleading. But where death occurs after commencement of an action for personal injuries, the claim for wrongful death represents a subsequent or new obligation or liability, not merely a different one from that asserted in the original pleading. While the original complaint gave notice of the accident which allegedly later caused the death, it could not give notice of the causal connection to effectuate the subsequent death which is an essential element of the occurrence constituting the death “to be proved pursuant to the amended pleading ”.
It has been pointed out in criticism of Berlin v. Goldberg (48 Misc 2d 1073, supra) that it is an illogical extension of the amended pleading concept dealt with in CPLR 203 (subd. [e]) to permit a supplemental or subsequently arising cause of action, with its own Statute of Limitations, to relate back to the service of the original complaint in order to allow its interposition after the expiration of its statutory period-. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 203, Supplementary Practice Commentary, pp. 30-31).
The effect of the Berlin v. Goldberg “ relation back ” holding is to provide an extension, not of the three-year period dating from the accident by virtue of amendment, as intended by CPLR 203 (subd. [e]), but rather of the two-year period governing an action for the subsequent death, whenever it occurs and no matter how long after expiration of the two-year period it is sought to add such new cause of action.
In any event, here there have been gross laches in the failure to move to add the cause of action for wrongful death until more than six years after the death.
The motion is accordingly denied.