Bernard S. Meyer, J.
This motion involves yet another ramification of Gelbman v. Gelbman (23 N Y 2d 434, decided Jan. 9, 1969). By it the personal representative of a deceased father-passenger seeks leave to serve a supplemental summons and amended complaint asserting against his daughter, the driver, causes of action for conscious pain and wrongful death. The collision having occurred on February 20, 1966, the causes of action are time-barred unless CPLR 203 (subd. [e]) saves them. If it does not, the requested leave should not be granted (East Asiatic Co. v. Corash, 34 A D 2d 432; Trybus v. Nipark Realty Corp., 26 A D 2d 563). The motion is denied.
On February 20, 1966, a collision occurred between a vehicle owned by Thomas J. Ward and driven by his daughter Linda, and a vehicle owned and operated by Ernest Marino. As a result of injuries received in that collision, Thomas J. Ward died; and after the appointment of his widow Irene C. Ward as executrix, an action was commenced on November 3, 1966 by Irene C. Ward, individually and as executrix, and by Linda Ward by Irene C. Ward, her mother and natural guardian, against Ernest Marino. The first and second causes of action were on behalf of the executrix for wrongful death and conscious pain; the third, on behalf of Linda Ward for personal injuries; the fourth, on behalf of Irene Ward, individually, for Linda’s medical expenses and the loss of her services. Paragraph Eighth of the complaint alleged “ That the said accident and the injuries to the late Thomas J. Ward resulting therefrom, and the death of the late Thomas J. Ward resulting therefrom, and the injuries to the plaintiff Linda J. Ward were caused solely by the negligence of the defendant, and without any negligence on the part of the late Thomas J. Ward or the plaintiffs contributing thereto.” Thus, the complaint not only made no claim of negligence against Linda (in the then state of the case law no such claim could be asserted), but specifically negated negligence on her part.
*46 A second action was, however, begun by Ernest Marino and the passengers in his car, against Linda, as driver, and her father’s estate by reason of his ownership, in which, of course, negligence on the part of Linda was alleged; and by order dated January 12,1970 the two actions have been ordered jointly tried.
Thereafter, the attorneys for plaintiffs in the Ward, action withdrew, with the permission of the court, and the substituting attorney, acting only for Irene C. Ward individually and as executrix, brought on the present motion. The papers do not reveal by whom Linda Ward as plaintiff is now represented or what disposition is proposed to be made of her cause of action. Though the attorneys for moyant cannot represent her and, therefore, cannot be expected to speak for her in that respect, Linda Ward is apparently still an infant and there appears to be a very real question, unnecessary for the court to consider in view of the conclusion reached on the limitations point, whether there is not a conflict of interest between Irene 0. Ward, mother and natural guardian, and Irene 0. Ward, executrix. A further complication, which would make it necessary to limit the amounts demanded in the proposed amended complaint, were the motion to be granted, is that, without complying with the requirements for amendment of the ad damnum clause (see, e.g., Galarza v. Alcoa S. S. Co., 34 A D 2d 907), the moving plaintiffs have very substantially increased the amounts demanded over those demanded in the original complaint against Marino, who, of course, remains a party defendant.
CPLR 203 (subd. [e]) provides: “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
Unlike subdivision (c) of rule 15 of the Federal Rules of Civil Procedure which requires only ‘ ‘ such notice of the institution of the action that he [the party to be brought in by amendment] will not be prejudiced in maintaining his defense on the merits ’ ’, the CPLR criterion is that 1 ‘ the original pleading * * * give notice.” The original pleading in this case is the original Ward action complaint; that Linda Ward (and her insurer) were aware from the Marino complaint that she was obligated to defend, and that, therefore, there can be no prejudice in defending the proposed action on the merits is simply irrelevant. The prior law was that a new party defendant could not be brought into a tort action by amendment after limita *47 tions had run in his favor (Arnold v. Mayal Realty Co., 299 N. Y. 57; Ann. 8 ALR 2d 6, 120), that a cause of action on a new theory of law could not be added by amendment after limitations had run (Harriss v. Tams, 258 N. Y. 229), and that a plaintiff could not after limitations had run amend to include a cause of action against a third-party defendant, even though the third-party defendant had been timely sued by the defendant-third-party-plaintiff (McCabe v. Queensboro Farm Prods., 15 A D 2d 553, affd. 11 N Y 2d 963); and that law has been changed only so far as the language of CPLB 203 (subd. [e]) can be said to have changed it.
Movants argued with a good deal of logic that their situation is within the literal language of CPLB 203 (subd. [e]), since the Ward complaint did give notice of the occurrence (the collision of February 20,1966) to be proved under the amended pleading, and emphasize that there is no prejudice. The difficulty with the argument is that the original pleading did not give notice to Linda Ward, as a defendant, of the occurrence, and none of the cases cited by movants (Gonzales v. Concourse Plaza Syndicates, 27 A D 2d 516; Mayes v. Harnischfeger Corp., 60 Misc 2d 308; Berlin v. Goldberg, 48 Misc 2d 1073; Ringle v. Bass, 46 Misc 2d 896), nor any other case that the court has been able to find, has held notice to a party plaintiff to relate back a claim against that party as a defendant. In the situation most closely analogous, that of a plaintiff claiming against a third-party defendant, it has been held that CPLB 203 (subd. [e]) did not save the claim, because the original pleading did not give notice to the third-party defendant (Trybus v. Nipark Realty Corp., 26 A D 2d 563, 564). In light of that holding, and of the dictum to be found in Millington v. Southeastern Elevator Co. (22 N Y 2d 498, 508) it must be held, until the Court of Appeals rules otherwise, or until CPLB 203 is amended, that the cause of action against Linda Ward sought to be alleged in the proposed amended complaint is time-barred.