Albert A. Oppido, J.
This is a motion to amend both the caption of the action and the complaint, which presently states a cause of action for personal injuries, as well as a cause of action for loss of services. The plaintiff, David Tromblee, by this motion seeks to add a cause of action for wrongful death.
The accident occurred on or about September 17, 1969 and the personal injury action was commenced by. service of a summons on November 22, 1969, followed by service of a complaint in March, 1970. Issue was joined by service of an answer in April, 1970. Plaintiff, Jean M. Tromblee, died on July 11, 1972 from cardiac arrest at the conclusion of a spinal fusion operation. On August 15, 1972, plaintiff, David Tromblee, was named administrator of the goods, chattels and credits of Jean M. Tromblee.
The question before this court is whether plaintiff, David Tromblee, may amend the original complaint to assert a cause of action for wrongful death, which cause of action arose subsequent to the commencement of the original action. In the opinion of this court, amendment of the original complaint to assert such a cause of action is impermissible.
As Dean McLaughlin observed in the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 203, p. 122) : “ Permitting the cause of action for wrongful death to relate back to the original service of process does, have, it is conceded, a certain attraction, since the original complaint gave notice of the accident which later caused the death. Yet, it is conceptually discomfitting to permit the cause of action for wrongful death to relate back to the original service of process, because at the time that process was served, there did not then exist a cause of action for wrongful death. It is one thing to permit a cause of action to relate back where it existed at the time to which it relates back; it is quite another matter where a subsequently arising cause of action is permitted to relate back.” To the same effect are Roberson v. First Nat. City Bank (63 Misc 2d 105, affd. 34 A D 2d 896) and Wilkening v. Fogarty, 40 A D 2d 1031 (dissenting opn.).
This court is aware of the contrary decisions of Ringle v. Bass (46 Misc 2d 896), Berlin v. Goldberg (48 Misc 2d 1073) and Palmer v. New York City Tr. Auth. (37 A D 2d 766) ánd finds the analysis of the law contained therein unpersuasive.
Of course, this court is aware that plaintiff, David Tromblee, may commence a separate action under EPTL 5-4.1 and might then seek a consolidation of that action with the present action. In order to prevail on an application for consolidation, how *89 ever, it must be established that there was a causal relationship between the death of Jean M. Tromblée and the accident which occurred three years earlier. (See Rubin v. Grossman, 34 A D 2d 680.) While it is conceivable that plaintiff, David Tromblee, may be able to accomplish indirectly that which he cannot accomplish directly, this court cannot, on grounds of expediency, permit an amendment which it feels is conceptually unsound.
That portion of the motion whereby an amendment of the caption of the action is sought is granted.