John H. Pennock, J.
This is a motion for an order pursuant to section 120 of the Decedent Estate Law, permitting the administratrix of a decedent plaintiff in an action pending to be substituted in place and instead of the decedent plaintiff as a party-plaintiff in the action and in enlarging the complaint in the action to include a cause of action for wrongful death of the decedent and to continue the said decedent’s causes of action for damages to his automobile, loss of services, medical expenses and authorizing the service of an amended complaint. One of the plaintiffs, Sarah Ringle, is the widow of the other plaintiff, Sam Ringle. It is averred that both were severely injured as a result of an automobile accident on September 13,1960. Their action was commenced against the defendants, Emma Bass and Edmund Raymond, on October 15, 1960, to recover damages for personal injuries and for property damage and a derivative action for loss of services and medical expenses incurred by the decedent husband as a result of the injuries to his wife. The defendants appeared and served answers on November 11, 1960, and the action was noticed for trial and has been answered ready on every calendar call, but has not yet been reached for trial.
The unique question of this case arose when the plaintiff, Sam Ringle, died on December 5, 1960. It is claimed.that his death was caused by the injuries he sustained in the automobile accident which was complained of in the first action commenced. On January 9, 1963, some three years thereafter, letters of administration of the estate of Sam Ringle were issued to Sarah Ringle, his widow, which duly authorized her to continue the actions commenced and also to maintain an action to recover for wrongful death of said decedent. The plaintiff’s attorney avers that the decedent died as a result of the injuries. Except for this conclusion of the plaintiff’s attorney there is no other medical evidence produced. The plaintiff relies on section 120 of the Decedent Estate Law which provides that where an action to recover damages for personal injuries has been brought, and *898 the injured person dies before the verdict * * * and his death is due to the injuries, his executor or administrator may enlarge the complaint of such action and include the cause of action for wrongful death. (Decedent Estate Law, § 120.)
The defendants’ opposition to this motion is confined to the contention that the amendment of the complaint is sought more than two years after the plaintiff’s death. It is the defendant’s contention that the proposed amended cause of action is barred by section 130 of the Decedent Estate Law which provides that an action for wrongful death must be commenced within two years after the death of the decedent.
At the time the CPLR went into effect on September 1, 1963, the applicable two years Statute of Limitations (Decedent Estate Law, § 130) had already barred commencement of any action to recover for wrongful death in this case. However, section 120 of the Decedent Estate Law read in conjunction with the CPLR 203 (subd. [e]) permits the amendment of a complaint to assert a new claim if the original pleadings give notice of the occurrence to be proved. The original pleadings are not before the court, however, the defendant has not raised any questions as to adequate notice of the facts and the occurrence to persuade this court that this is not a case to be considered under CPLB 203 (subd. [e]).
It is true that section 130 of the Decedent Estate Law in authorizing an action for a wrongful death in effect created a new and original cause of action separate and distinct from that which permits recovery for personal injuries sustained by a decedent. However, section 120 of the Decedent Estate Law which was enacted subsequent to section 130 is a safety valve to protect decedent’s rights such as the instant case which is before the court. Even though two years have passed the amendment prayed for which desires to introduce the cause of action for wrongful death relates back to the beginning of the action so as to avoid the bar of the Statute of Limitations. To hold otherwise would be a complete disregard of the CPLB 203 (subd. [e]). The court also applies CPLB 10003 and determines that the application of the new CPLB to this case will in no way work an injustice to the defendants. They were proceeding under adequate notice of the occurrence to be proved on the trial. Therefore the court determines that the motion in all respects is granted, without costs.