Lawrence H. Cooke, J.
In this action in which the amended complaint contains two causes of action, one asserted against defendant National Surety Corporation for $165,813.77 based on a performance bond issued by it in relation to a contract dated October 14, 1958 between plaintiff and A. J. Cevasco Construction Corp., and the other against defendants Strauss and Shapiro for $150,813.77 and against defendant the Fidelity and Casualty Company of New York for $85,000 based on a contract dated May 12,1960 entered into between plaintiff, National and Strauss and Shapiro and a performance bond executed in relation thereto by Fidelity and Casualty, plaintiff moves for leave to serve a second amended complaint setting forth said two causes of action *24 and, in addition thereto, a third against defendants National and Strauss and Shapiro for the reformation of said contract of May 12,1960.
Leave to serve an amended or supplemental pleading may be given at any time and such leave should, by statutory direction, be freely given (CPLR 3025, subd. [b]; Linsky v. Boston Ins. Co., 24 A D 2d 836; Wachtel, New York Practice Under the CPLR, pp. 137-138; cf. De Filippo v. City of Schenectady, 21 A D 2d 947). In determining whether to grant leave, the court’s scope of inquiry should be restricted to the propriety of an amended or supplemental pleading in the circumstances of the case before it and the court should not become involved in the merits of the litigation or the sufficiency of the pleadings, any question of the sufficiency of the complaint or answer being left to a motion addressed specifically to that issue, unless merit is plainly lacking and the allowance of the amendment or supplement would be idle (Leutloff v. Leutloff, 47 Misc 2d 458, 459; Sunshine v. Green Bus Lines, 41 Misc 2d 1037, 1038; Keller v. Greyhound Corp., 41 Misc 2d 255, 256-257; 3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3025.23; Professor Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, Practice Commentary, 1966 Cum. Ann. pocket part following CPLR 3025, p. 133).
CPLR 3025 (subd. [b]) contains no limitation on the type of amendments permitted, the statutory mandates extending to the courts the widest possible latitude, and, by permitting a supplemental pleading to set forth “ additional or subsequent transactions or occurrences ” on the same terms as an amended pleading, allows the exercise of the same broad discretion by the court as in the case of amendments (Rice v. Viemeister, 25 A D 2d 815; Greenwald v. Howard Stores Corp., 24 A D 2d 626; Herzog v. Herzog, 43 Misc 2d 1062; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3025.14, 3025.17; 6 Carmody-Wait 2d, New York Practice, § 34:22). The line between amended and supplemental pleadings, formerly discernible, has been somewhat blurred by CPLR 3025 (subd. [b]) but the term “ amended ” as used in CPLR 203 (subd. [e]) should be construed to embrace supplemental pleadings under CPLR 3025 (subd. [b]), at least to the extent that supplemental pleadings as defined by CPLR 3025 (subd. [b]) would also have qualified as amended pleading under prior law, and, inasmuch as the availability of amendments and supplemental pleadings are governed by similar standards, the form requested should make no difference (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.12; cf. Homer v. Homer, 282 App. Div. 699,700; Huffy v. Huffy, 241 App. Div. 682). Concerning National’s argument that the relief *25 requested by plaintiff 1 ‘ is not a mere expansion or addition to the prior pleading as an amendment is generally regarded ’ ’ and to further dispel any inference that the provisions of CPLR 203 (subd. [e]) relating to “an amended pleading” do not apply here, attention is called to Griffel v. Belfer (20 AD 2d 890), where plaintiffs were granted leave to serve an amended complaint for the purpose of adding a cause of action in rescission to a cause of action in fraud for damages, and to Graphic Arts Mut. Ins. Co. v. Monello (44 Misc 2d 588), where it was stated that plaintiff’s motion to amend the complaint to allege causes of action for unjust enrichment and for money had and received should have been granted.
It is contended, in opposition, that the new cause of action sought to be asserted in the proposed amended complaint, being based on fraud and mistake, is barred by the six-year limitation of CPLR 213 (subds. 6, 9). However, CPLR 203 (subd. [e]) provides: “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading. ” Here, the rather lengthy pleading sought to be amended gives such notice of and outlines generally the transactions, occurrences, or series of transactions or occurrences to be proved pursuant to the proposed amended pleading. In part and merely by way of example, paragraph “ sixteenth ” of the present complaint states: “ That in purported compliance with its obligations under its aforesaid Performance Bond, marked ‘ Exhibit B ’, the defendant National entered into an agreement with the defendants, Ivan Strauss and Nathan Shapiro, doing business as S & S Construction Company (hereinafter referred to as 1 S & S ’), relating to the completion of the contract, which had been entered into between the plaintiff and Cevasco, under dated of October 14,1958, but said S & S did not perform the work nor supply the materials necessary for the completion of the aforesaid agreement with Cevasco, and said last mentioned contract has not been performed nor completed ” ; and paragraph “ twenty-eighth ” states: “ That in purported compliance with the obligations of National under its aforesaid Performance Bond, marked ( Exhibit B ’, the defendant National did on or about the 12th day of May, 1960, enter into an agreement, in writing, with the defendant S & S, wherein and whereby, for the considerations therein stated, said S & S agreed to furnish all of the labor and materials and all other items of cost necessary or incidental to the performance of the work unfinished by *26 Cevasco and all necessary repairs to the work pea-formed by Cevaseo, as required in the aforementioned contract dated October 14,1958; a true copy of which agreement is attached hereto, made a part hereof and marked ‘ Exhibit O’.” Attention is also called to paragraph ‘ ‘ seventh ’ ’ of the third-party complaint of National Surety Corporation. Even though CPLB, 203 (subd. [e]) should be liberally construed (CPLB 104; Berlin v. Goldberg, 48 Misc 2d 1073,1076,1078; Ringle v. Bass, 46 Misc 2d 896; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.30), there need be no strained construction here since the cause of action sought to be added arises out of the very transactions and occurrences, or series thereof, as mentioned in the present pleading and of which notice thereby was given. Consistent with this reasoning, it has been stated that an amended cause óf action for damages for breach of contract would relate back where the original pleading alleged an action in equity to rescind the contract for fraud (Wachtel, New York Practice Under the CPLB, p.141).
Furthermore, under CPLB 213 (subd. 9) where an action is based upon fraud, the time within which the action must be commenced shall be computed from the time the plaintiff or the person under whom he claims discovered the fraud, or could with reasonable diligence have discovered it, and it is contended by movant that the fraud of defendants which induced plaintiff to become a party to the agreement of May 12,1960 was not discovered until long after that agreement was entered into. Although more specific information as to time of discovery would be helpful, in view of said contention, the date of the agreement and the six-year statutory period, it cannot be said, on this motion and at this stage, that the amended pleading is palpably insuEcient, immaterial or unnecessary.
National Surety opposes on the ground of prejudice, claiming that Mr. Mintz, an attorney “ who had to do ” with the agreement of May 12, 1960, has passed away and that his testimony was necessary and material to the issues as to reformation of said contract. Actually, said attorney acted for plaintiff and it has not been alleged or shown how his testimony would have assisted parties other than plaintiff. Furthermore, according to the papers submitted, one or two other attorneys acted for plaintiff in said regard and it is not indicated why such testimony may not be elicited from said other attorneys. Nor should the restrictions imposed by the attorney-client privilege be overlooked in considering this facet (see CPLB 4503). Here, there is no 'satisfactory factual showing that plaintiff’s adversaries will be deprived of taking measures for their defense which they *27 might have taken had the original complaint contained the allegations now sought to be added and they will have the right and opportunity to prepare their cases and meet by evidence the allegations made against them (cf. Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220, 226; Beer v. Clyde S.S. Co., 212 App. Div. 463, 466; 6 Carmody-Wait 2d, New York Practice, pp. 90-91; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 30-450). Any possible prejudice to defendants resulting from granting leave to amend would be far less than the prejudice to plaintiff if denied (cf. CPLR 103, subd. [c]; 50 New Walden v. Federal Ins. Co., 39 Misc 2d 460, 464).
Although considerable time has elapsed since the commencement of the action, no injury has been shown by the delay and, under plaintiff’s version confirmed in some measure by copies of correspondence, some sizeable portion of the delay in seeking leave to amend can be ascribed to suggestions by counsel for National that the motion be withheld pending settlement exploration (cf. Firth Carpet Co. v Matuka Realty Development Corp., 276 App. Div. 784).
Under all the circumstances, the more just course is to grant the motion, plaintiff to serve the proposed second amended complaint, a copy of which was attached to the motion papers herein, upon the attorneys for defendants within 10 days after service of a copy of the order to be entered hereon with notice of entry, upon its complying with the condition herein set forth; defendants to have 20 days from the date of service of such amended complaint to serve an answer thereto or make any motions addressed thereto; and as a condition for said allowance plaintiff shall pay within 10 days after service of a copy of the order to be entered hereon the sum of $20 costs to opposing defendants.