Richard D. Simons, J.
Plaintiff claims the right to assert a cause of action for property damage after the Statute of Limitations has run, by amending his complaint to add this to his timely action for personal injuries.
Generally, amendments are freely allowed regardless of the merits or sufficiency of the pleading. (CPLR 3025, subd [b]; Town Bd. of Town of Fallsburgh v. National Sur. Corp., 53 Misc 2d 23, affd. 29 A D 2d 726; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.23; David Siegel, Practice Commentary in McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, 1969-1970 Cum. Ann. pocket part, following CPLR 3025, p. 191 et seq.) Courts have refused to exercise their discretion to amend, however, when an obvious defense of the Statute of Limitations *1008 would require dismissal. (Trybus v. Nipark Realty Corp., 26 A D 2d 563.)
The question is whether the Statute of .Limitations is a good defense in this instance in view of the provisions of CPLR 203, (subd. [e] ).[1] The courts are in agreement that amendment will be allowed to plead a new theory of recovery (Gonzalez v. Concourse Plaza Syndicates, 27 A D 2d 516; Tobias v. Kessler, 18 A D 2d 1094), but plaintiff does not propose a new theory. He wishes to initiate an entirely new cause of action (Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40).[2]
Harriss v. Tams (258 N. Y. 229) held that a claim asserted for the first time in an amended pleading did not relate back to the service of the summons and the ¡Statute of Limitations was a good defense if the claim proceeded on a different obligation or liability.
CPLR 203 (subd. [e]) was designed to overcome this ruling. It was patterned after subdivision (c) of rule 15 of Rules of Federal Procedure which is “ based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than .one who is informed of the precise legal description of the rights sought to be enforced.” (3 Moore, Federal Practice [2d ed., 1948], par. 15.15 [2].)i Even though the statute has run, the amendment is held to relate back to the date of commencement of the original action. The original pleading need only give notice of the occurrence and this notice tolls the Statute of Limitations as to all causes of action arising out of the occurrence initially pleaded. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 203, Practice Commentary, Joseph McLaughlin, p. 83; see, also, 1969-1970 pocket part, p. 35; 40 St. John’s L. Rev., Bi-annual Survey of New York Practice by David Siegel, p. 307.) Under this interpretation, some New York courts have allowed amendments to assert new causes of action otherwise time-barred. (Town Bd. of Town of Fallsburgh v. National Sur. Corp., supra; Ringle v. Bass, 46 Misc 2d 896; Berlin v. Goldberg, 48 Misc 2d 1073.) Such an interpretation has also been used in the Federal courts where a father’s derivative action was added *1009 to the son’s complaint for personal injuries after the Statute of Limitations had run. (Newman v. Freeman, 262 F. Supp. 106, 109.)
While there may be some logical difficulty in relating back a cause of action for wrongful death subsequently arising out of the injuries originally sustained, as in the Ringle and Berlin cases (supra), there is none when the original complaint alleges that on the “ 2nd day of January, 1964 plaintiff was operating his automobile ’■’ when it was in a collision with the vehicle owned and operated by defendants. This gives notice of the occurrence and of a possible existing cause of action for property damage within the meaning and intent of CPLR 203 (subd. [e]).
The motion for amendment of the complaint to assert a separate and additional cause of action for property damage is granted. Defendant shall have 20 days from receipt of the amended complaint to answer.

. “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”

. [An interesting comparison is Wilmers v. Vail, 7 Ohio Opns. 157, discussed in 11 Cincinnati L. Rev. 435, which allowed amendment in just such a cause as this because property damage and personal injury damages arising out of the same accident were considered one cause of action].