Edwabd S. Conway, J.
This is a motion by the defendant for an order permitting him to serve an amended answer pursuant to subdivision (b) of CPLR 3025.
The underlying action on which the instant motion is based was brought by the plaintiff to recover damages for alleged personal injuries and property damages sustained as the result of an automobile accident that occurred on January 11, 1970.
The complaint was served on or about October 3, 1972 within the three-year statutory period. The original answer was interposed by the defendant on October 6, 1972. The defendant now wishes to serve an amended answer which, in addition to containing a general denial of the allegations in the complaint, asserts a counterclaim for property damage arising out of the same accident.
The plaintiff opposes the motion, contending that the proposed counterclaim is barred by the Statute of Limitations.
There is no question that the period of limitation applicable here is three years, or that the length of the period is unaffected by the fact that the claim is raised as a counterclaim rather than in an independent action.
Subdivision (e) of CPLR 203 is controlling and provides:
“ (e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions,, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
This subdivision is new, effects a change in prior laws and is patterned after subdivision (c) of rule 15 of the Federal Rules of Civil Procedure (U. S. Code, tit. 28, Appendix) which is based on the idea that a party who is notified of litigation concerning *729 a given transaction or occurrence is entitled to no more protection from Statutes of Limitation than one who is informed of the precise legal description of the rights sought to be enforced. (Andrews v. Donabella, 60 Misc 2d 1007; 1 Weinstein-KornMiller, N. Y. Civ. Prac., par. 203.30.) Even though the statute has run, the amendment is held to relate back to the date of the commencement of the original action. The original pleading need only give notice of the occurrence and this notice tolls the Statute of Limitations as to causes of action arising out of the occurrence initially pleaded (Andrews v. Donabella, supra; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 203, Practice Commentaries by Joseph M. McLaughlin, p. 123). The original complaint herein certainly gave notice of the occurrence and of a possible existence of a property damage counterclaim within the meaning of subdivision (e) of CPLR 203.
The motion by the defendant to serve an amended answer to assert a counterclaim is granted.