■ REUBEN E. GROSS, Appellant, v LUCIO RUSSO, Respondent.—In an action by an attorney to recover fees for his services, plaintiff appeals from two orders of the Supreme Court, Richmond County, dated December 3, 1975 and January 14, 1976, respectively. The first above-mentioned order granted defendant's motion for leave to serve an amended answer incorporating a counterclaim against plaintiff, and the second above-mentioned order denied plaintiff's motion for summary judgment. Order dated December 3, 1975 reversed, and defendant's motion denied, without costs or disbursements. Order dated January 14, 1976 affirmed, without costs or disbursements. On a prior appeal, *inter alia,* from an order which granted defendant's motion to dismiss the second cause of action of the complaint, we expressed our view that there should be a trial on the issue of the reasonableness of the fee agreement made by the parties *(Gross v Russo,* 47 AD2d 655). If the agreement is valid, plaintiff cannot recover in quantum meruit; hence, summary judgment does not lie *(Knoll v Cape Cod Sea Food Rest.,* 35 AD2d 976, affd 35 NY2d 917; *Abinet v Mediavilla,* 5 AD2d 679). Concerning defendant's motion for leave to amend his answer to include a counterclaim, we do not believe that *Sindle v New York City Tr. Auth.* (33 NY2d 293) is controlling. It cannot be said that plaintiff here should have expected his action to be met with a counterclaim for malpractice, especially since defendant let his answer stand unamended for three years, until the eve of trial. This action has been pending for a number of years; an underlying libel action was discontinued in November, 1972. Thus, all of the facts which defendant required for his malpractice claim were available to him at least three years before he made his motion. Defendant himself moved to dismiss one of plaintiff's causes of action almost two years before

his present motion. He nonetheless waited until after a jury was impaneled and sworn before seeking leave to amend his answer. Defendant offered no excuse for his delay. Assertion of the counterclaim was prejudicial to plaintiff, and a mistrial was required to allow him to prepare to meet it. Under these circumstances, defendant was guilty of laches (see *James-Smith v Rottenberg,* 32 AD2d 792; *De Fabio v Nadler Rental Serv.,* 27 AD2d 931). Furthermore, nothing in this record indicates the basis of the counterclaim or its merits, and nothing herein negates that it is interposed for any purpose other than to further delay this action (cf. *Moss v Kadish,* 33 AD2d 1008). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.