*728 OPINION OF THE COURT
Irving A. Green, J.
This is a motion for leave to serve an amended complaint to add a new derivative third cause of action for medical expenses and loss of services individually on behalf of the parent of the infant plaintiff in an action originally brought solely by the parent, in his representative capacity as father and natural guardian of the infant plaintiff. The original complaint recites, in two separate causes of action, the occurrences which are the subject of the infant’s claim, namely, injuries sustained by the infant plaintiff upon allegations of defendants’ medical malpractice and lack of informed consent. There appears to be no dispute as to the commencement of this action, on behalf of the infant plaintiff, within the time period allowed by the Statute of Limitations.
The motion is opposed by the defendants on the ground that the Statute of Limitations has now run for the commencement of an action predicated upon claim of medical malpractice. (CPLR 214-a.)
The novel issue presented to this court, therefore, upon this motion, is whether the amendment of this complaint to assert an additional and new derivative cause of action, on behalf of the parent, individually, is time barred. Generally, courts decline to allow amendments when an obvious defense of the Statute of Limitations would require dismissal (Andrews v Donabella, 60 Misc 2d 1007), or where merit is plainly lacking and the allowance of the amendment would be idle (Town Bd. of Town of Fallsburgh v National Sur. Corp., 53 Misc 2d 23, affd 29 AD2d 726).
This is so despite the general rule, frequently reiterated, that amendment of pleadings are freely allowed regardless of the merits or sufficiency of the pleading. (CPLR 3025, subd [b]; Town Bd. of Town of Fallsburgh v National Sur. Corp., supra.)
The movant asserts the timeliness of the commencement, by amendment, of his individual cause of action for medical expenses and loss of services by virtue of the provision of CPLR 203 (subd [e]) which provides: "A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” *729 The foregoing statute clearly has application to amendment, by a party of such party’s own pleading. The statute, however, in the view of this court, does not toll the Statute of Limitations for the benefit of the entire world as to any transaction or occurrence set forth in an original pleading by any party litigant. The cases which have addressed analogous questions were concerned with a pleading amendment by the pleader, or the pleader’s substituted legal representative. (Town Bd. of Town of Fallsburgh v National Sur. Corp., supra; Berlin v Goldberg, 48 Misc 2d 1073; Andrews v Donabella, 60 Misc 2d 1007, supra; Van der Stegen v Neuss, Hesslein & Co., 243 App Div 122.)
In this case, the new and derivative cause of action on behalf of the parent, individually, is upon the same obligation or liability asserted in the original complaint, namely, the alleged negligent conduct of the defendants. The defendants have had notice from the beginning of this lawsuit that damage claims were being asserted against them because of specified conduct. The language of the court, in the Van der Stegen case (supra, at p 130), is apropos: "The courts of this State have been extremely liberal in retaining a cause of action which once existed, notwithstanding the limitation statutes. Recent decisions of our highest courts disclose that in the interest of substantial justice the courts are extremely lenient in permitting the service of amended or supplemental pleadings bringing in parties, or even amending causes of action, where the Statute of Limitations has run. The leading case is that of N. Y. C. & H. R. R. R. Co. v. Kinney (260 U. S. 340). That case was cited by the Court of Appeals, with approval, in Harriss v. Tams (258 N. Y. 229, 242). The court, in its opinion in the Kinney case, said (at p. 346): 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.”
This case does not present a stranger to the litigation seeking to avoid the barrier of the Statute of Limitations by the expedient of an amendment to a pleading utilizing the statute (CPLR 203). The movant, in his representative capacity as natural guardian of the plaintiff, is a party to the action at the time this application is made.
*730 In the interest of substantial justice in this case, the motion is granted.
The amended complaint shall be served within 15 days after entry of this order.