■ MARY HEITCZMAN, Respondent, v BOB MURAN, Doing Business as BOB MURAN INTERNATIONAL SKI SCHOOL, Defendant, and STERLING FOREST ENTERPRISES, INC., et al., Appellants.—In an action to recover damages for personal injuries, defendants Sterling Forest Enterprises, Inc., and City Investing Co., appeal from an order of the Supreme Court, Rockland County, entered January 29, 1979, which, *inter alia,* granted plaintiff's motion to serve an amended complaint increasing the *ad damnum* clause and to add an additional cause of action of alleged negligence. Order modified, on the law, by adding thereto in the second paragraph, after the words "The motion is granted" the following, "except insofar as plaintiff seeks to add an additional claim of negligence pertaining to plaintiff having been dropped down a flight of stairs, which application is denied." As so modified, order affirmed, without costs or disbursements. Plaintiff sustained injuries in a ski accident which occurred in 1974, when the bindings on her skis allegedly failed to release. She commenced the instant action sounding in negligence, breach of warranty, and strict products liability to recover $100,000 in damages. Plaintiff now seeks to amend her complaint by alleging an additional act of negligence relating to her being dropped down a flight of stairs as she was being carried from the first aid station. The complaint may not be so amended because the claim is now time barred and does not relate to the original series of transactions or occurrences in such a way that defendants could have had proper notice (CPLR 203, subd [e]). However, the herniated nucleus pulposus in the L-5, S-1 region, of which plaintiff now complains, may have stemmed from the original ski injury and she would be entitled to recover damages to the extent that she can establish such causal relationship. The increase in the *ad damnum* clause was a proper exercise of discretion. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.