■ ROBERT WHALEN et al., Respondents, v DRILLCO EQUIPMENT CO., INC., et al., Appellants. (And Two Third-Party Actions.) — In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Nassau County, dated May 19, 1980, that granted plaintiffs' motion for leave to amend their complaint. Order affirmed, with one bill of $50 costs and disbursements payable jointly by defendants. Robert Whalen (hereinafter plaintiff) sustained injuries when a lathing gun he was using in the course of his employment allegedly misfired. In his initial complaint and first amended complaint, he alleged that the gun misfired because it was defective. (His wife sues derivatively.) By a further amendment he seeks to add allegations of defective ammunition. Defendants contend that the additional allegations do not relate back to the claim originally interposed and that, therefore, CPLR 203 (subd [e]) is inapplicable and that the new claim is time barred. We do not agree. The allegation that defective shells caused the lathing gun to misfire so as to cause plaintiff injury is based on the same transaction or occurrence as the allegation that the lathing gun misfired because the gun was defective. Notice of the latter was sufficient to provide defendants with notice of the former. The amendment here is readily distinguishable from the one rejected in *Heitczman v Muran* (75 AD2d 805). The original pleading in *Heitczman* alleged that injuries were incurred in a skiing accident when ski bindings failed to release. The amendment, proposed more than three years later, sought to add an allegation that plaintiff was dropped down a flight of stairs as she was being carried from the first aid station. Clearly there was no interrelationship of transactions or occurrences as exist in the present case. We have examined defendants' remaining contentions and find them to be without merit. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.