■ ROYAL C. HOWARD et al., Appellants, v GEORGE M. HACHIGIAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered August 11, 1981 in Rensselaer County, which denied plaintiffs' motion to amend their complaint and bill of particulars. The Howards allegedly sustained cervical injuries as a result of a motor vehicle accident which occurred on April 6, 1976. Royal Howard's injuries subsided a few days after the occurrence. Plaintiffs' initial complaint, served in 1978, consisted of a

cause of action by the wife to recover for her allegedly permanent injuries and a second cause of action wherein the husband asserted his derivative claim as well as one for property damage to his motor vehicle. In 1981, after the Statute of Limitations had expired and the case had been noticed for trial, Royal Howard began exhibiting symptoms which his neurologist diagnosed as "definitely related" to the automobile accident. Plaintiffs' motion, pursuant to CPLR 203 (subd [e]) and 3025 (subd [b]), to amend their complaint and bill of particulars was denied and this appeal ensued. Plaintiffs urge on this appeal that Royal Howard's claim for personal injuries should be allowed pursuant to CPLR 203 (subd [e]) which provides: *"Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading"* (emphasis added). We disagree. The doctrine of "relation back" is permissible only when the original pleading gives the adverse party sufficient notice of the transaction out of which the claim arose (*Caffaro v Trayna,* 35 NY2d 245; *Cerrato v Crown Co.,* 58 AD2d 721; *Murphy v General Motors Corp.,* 55 AD2d 486). The derivative cause of action of Royal Howard did not give defendants notice that he was making a claim for personal injuries, nor did any of the subsequent proceedings in this protracted lawsuit of five and one-half years so indicate. To permit such a late amendment would be to the grave prejudice of defendants who would be precluded from conducting the timely investigation necessary to the preparation of their defense. The prejudice to defendants of such a late claim is obvious. Order affirmed, with costs. Sweeney, J. P., and Mikoll, J., concur; Kane, J., concurs in a separate memorandum; Main and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Yesawich, Jr., J.

Kane, J. (concurring). While I agree that the order of Special Term should be affirmed, I arrive at that conclusion for entirely different reasons. Plaintiffs' motion was to amend the complaint pursuant to CPLR 3025 (subd [b]), a motion which is addressed to the sound discretion of the court and is freely granted in the absence of laches and undue prejudice (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476). In the matter at hand, the factual situation arguably may entitle plaintiffs to the benefits contemplated by CPLR 203 (subd [e]). The cause of action set forth in the proposed amendment and the complaint "relates back" to the original action, but Special Term found that defendants would be prejudiced by granting of the motion. Such a finding of prejudice is supported by the record and can hardly be held to be an abuse of the broad discretionary powers vested in the court (see *Albany Crane Serv. v Pettibone Mulliken Corp.,* 54 AD2d 794).

Yesawich, Jr., J. (dissenting). We view the accident itself as the occurrence or operative transaction from which Royal Howard's claimed harm emanates. Since the original complaint gave defendants notice, well within the limitations period, that they were being charged with negligently causing that collision, and the inclusion of a cause of action for his own personal injuries will not appreciably enlarge the scope of proof or alter relevant legal consideration of the liability issue, his personal injury cause of action was not time barred (*Caffaro v Trayna,* 35 NY2d 245, 251; *Andrews v Donabella,* 60 Misc 2d 1007). Those injuries are traceable to and are additional aftereffects of defendants' alleged wrongful conduct. As with the derivative and property damage claims advanced in the original complaint, his injury cause of action is merely a consequence of the very same fact pattern. That the permanent nature of those injuries was only recently learned does not necessarily foreclose their

assertion. Pleading amendments which only change the theory of recovery are allowable even though the requisite proof is thereby varied (*Caffaro v Trayna, supra; Whalen v Drillco Equip. Co.*, 79 AD2d 989). This is compatible with both modern pleading practice and the overriding purpose of the Statute of Limitations, which "is to force a plaintiff to bring his claim within a reasonable time, set out by the legislature, in order for a defendant to have timely notice of a claim against him, and so that stale claims, and the uncertainty they produce, will be avoided" (1B Warren, Negligence in the New York Courts [2d ed], CPLR 1.01, p 970). Permitting the requested amendment frustrates none of these considerations. Additionally, of more than passing significance is defendants' inability to articulate any demonstrable prejudice arising from the delay. It goes without saying that defendants should be afforded the opportunity to conduct a thoroughgoing discovery of Royal Howard's personal injury claim. Accordingly, we would reverse and grant the motion.