OPINION OF THE COURT
Herman Cahn, J.
Plaintiff moves for an order permitting him to serve an amended complaint pursuant to CPLR 3025 and 203, to add a claim for property damage.
The complaint alleges that on November 24, 1980, an electric blanket then being used by plaintiff caused a fire at his premises. Defendants are the manufacturer and retailer of the electric blanket. In the complaint, plaintiff seeks damages for personal injury and punitive damages. He seeks now to add a claim for property damages as a subrogor.
Defendants assert that the second cause of action (for punitive damages) has previously been discontinued by stipulation of the parties. The court notes that the copy of the stipulation annexed to the moving papers is not signed by plaintiff’s attorneys. If such stipulation has indeed been entered into by both attorneys, the second cause of action should be stricken from the complaint.
Under CPLR 203 (subd [e]) a claim asserted in an amended pleading is deemed to have been interposed at the *784 time the claims in the original pleading were interposed, unless the original pleading does not give notice of the “transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” This section is critical to the survival of the claim plaintiff seeks to add here, since if he cannot avail himself of the “relation back” provision of CPLR 203, the claim will be time barred.
The court must decide whether plaintiff may avail himself of the “relation back” provisions of CPLR 203 (subd [e]) to amend his original complaint for personal injury to now include an otherwise time-barred claim as a subrogor for property damage. The court concludes that under the circumstances presented, he may not.
CPLR 203 (subd [e]) allows the claim in the amended pleading to relate back to the original pleading, unless the original pleading failed to give notice of the “occurrence” asserted in the amended pleading. This court finds that the statute requires that the original pleading be viewed in its totality, as compared to the amended pleading.
In the instant case, the original pleading alleged the occurrence of the fire, and that plaintiff suffered personal injuries therefrom. The action now sought to be added, merely states that at the same time and place property damage was also suffered. The amount of the property damage alleged is less than .2% of the personal injuries alleged. In view of these circumstances, the original complaint did give notice of the occurrence.
The court has considered Howard v Hachigan (88 AD2d 1064). That case differs from the instant one, in that, plaintiff was seeking to add a personal injury claim rather than a property damage claim, as here. The initial complaint asserted causes of action for personal injuries to Mrs. Howard and for property damage to Mr. Howard’s motor vehicle. After the Statute of Limitations had passed, Mr. Howard began exhibiting physiological symptoms which his doctor said were related to the automobile accident. Plaintiff sought to amend the complaint to include a claim for personal injury to Mr. Howard, a claim that one can assume was a substantial addition to defendant’s liability. A divided court held that such an amendment was *785 not permissible because the original complaint did not indicate that Mr. Howard was making a claim of permanent personal injuries and that in view of the lateness of the claim there would be grave prejudice to defendant’s ability to investigate.
Here, the addition of a claim for property damage which is less than .2% of the asserted claim for personal injuries, can hardly be said to be a new occurrence. (See Andrews v Donabella, 60 Misc 2d 1007; Rivera v St. Lukes Hosp., 102 Misc 2d 727.)
Notwithstanding the fact that the alleged property damage arose from the same occurrence, the motion must be denied because plaintiff seeks to assert the property damage claim as a subrogor. He has apparently received payment from his insurance company and seeks to assert the claim for the benefit of that company, the real party in interest. The court does not believe that CPLR 203 (subd [e]) was intended to permit an amendment of this sort, the effect of which would be to revive an otherwise time-barred claim by a third party, a stranger to the initial action. Applying CPLR 203 (subd [e]) in such a situation would be to distort its meaning and purpose. The relation back provision was not meant to extend this far and the court declines to apply it here.
The motion for leave to serve an amended complaint to include a claim for subrogation and/or property damage is denied.