OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiff, Allied Bank International (London), moves to *722 amend the summons and complaint to add an additional party plaintiff. In this action, plaintiff seeks to recover losses for several bad loans made by plaintiff to international trading companies.
Allied Bank alleges that a key Allied employee, Michael Vanner, was instrumental in arranging and expediting the handling of the bad loans. Allied claims that the loans were fraudulently obtained through forged or incorrect papers, and that Vanner aided and abetted these various companies (about 18) in obtaining the loans for his own financial benefit and that he did so benefit.
Allied contends that it and its subsidiaries were covered for such losses under a bankers bond issued by the defendant insurance companies. Although the bank filed a timely proof of loss the insurance companies refused to pay on the grounds that the bank had not in fact suffered any losses; that in fact, any losses were wholly due to suspension of payments in foreign currency by the governments of Sierra Leone and Nigeria, brought on by the drop in international oil prices.
By this motion, plaintiff Allied Bank seeks leave to add an additional plaintiff to the lawsuit, Allied Bank International (Guernsey) Ltd. (ABIGL), a sister corporation pursuant to CPLR 3025 (b). Allied states that two of the accounts on which the complaint was based were actually accounts belonging to ABIGL; though the accounts had been transferred to Allied, the plaintiffs were uncertain as to whether all rights had been effectively transferred and so wished to add ABIGL as a party plaintiff.
Defendants, however, argue that the bankers bond specifically provides that any suit brought by an insured shall be brought within 24 months of the discovery of such loss and since Allied discovered the loss between August 13, 1984 and October 5, 1984, the legal proceedings had to be instituted by October 5, 1986. Defendants argue that plaintiff is time barred from adding another covered party as a plaintiff.
Plaintiff, however, argues that even though more than 24 months have elapsed, they should be permitted to add ABIGL as a party plaintiff under the "relation back” doctrine of CPLR 203 (e).
CPLR 203 (e) was originally intended as a means by which a plaintiff could add a different cause of action against a defendant in the original complaint, provided that the new cause of action arose out of the same transaction or occurrence (Holst v *723 Edinger, 93 AD2d 313 [1st Dept 1983]; McLaughlin, 1982 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:ll, at 67, 1988 Pocket Part). It is necessary that the defendant have had notice of the facts out of which the original and new causes of action are based (Village of St. Johnsville v Travelers Indem. Co., 93 AD2d 932 [3d Dept 1983]). The statute has been broadly interpreted and the rationale behind extending its application to a wider range of cases is that where a defendant has had notice of the fact pattern and thus the opportunity to have marshaled his defenses, there is no reason not to allow the additional cause of action to be instituted. Courts have allowed plaintiffs to press untimely claims against third-party defendants who were impleaded within the timely period (Duffy v Horton Mem. Hosp., 66 NY2d 473 [1985] [an amended complaint untimely served against a third-party defendant may "relate back” to the date the third-party defendant was impleaded, if the amended complaint and the third-party complaint revolve around the same nucleus of facts]); against parties "united in interest” (Brock v Bua, 83 AD2d 61 [2d Dept 1981] [an untimely service upon a defendant who is "united in interest” with another defendant who has been timely served will be deemed to "relate back” to the date of service on the timely served defendant if these conditions are met: (a) both causes of action arose out of the same transactional occurrence; (b) defendants are united in interest, and (c) the untimely served defendant should have realized that he would have been served but for an excusable error by the plaintiff]); or even in instances when the cause of action arose after the statutory period had passed, provided that the defendant had timely notice of the operative facts through the original cause of action (Caffaro v Trayna, 35 NY2d 245 [where an independent action for wrongful death would have been time barred, plaintiff executrix was permitted to amend the complaint in her malpractice action that was timely filed to include the wrongful death action; both causes of action having arisen out of the same transaction]).
While these cases may be distinguished from the case at bar in that here the plaintiff wishes to add an additional plaintiff to the action, the defendants, the transactional occurrence and the cause of action are unchanged. In Rivera v St. Luke’s Hosp. (102 Misc 2d 727 [Sup Ct, Orange County 1980]), the *724 court allowed a father who had sued in a representative capacity for his infant child to institute a claim in his own behalf on a new cause of action arising out of the same transaction that was the subject of the infant’s claim, relying on an earlier case, Van der Stegen v Neuss, Hesslein & Co. (243 App Div 122 [1st Dept 1934]). In Rivera (supra), the court permitted the addition of a party plaintiff who was the original plaintiff’s successor-in-interest, reasoning that since the father was not a stranger to the litigation because of his representative capacity in the action, granting the motion to amend would not open a "window to the whole world” which was not the intention of CPLR 203 (e).
Similarly, ABIGL is not a stranger to the action. ABIGL was one of the 5 (or 6) related corporations covered under the bond; as plaintiff has noted, the defendant had been put on notice of the underlying transactions involving these accounts when the plaintiff filed the timely notice of loss as required by the bankers bond; regardless of whether the account belonged to Allied Bank or ABIGL the defendants were made aware of the losses that were alleged to have occurred and the sought for relief here, if granted, will not force the defendants to marshal additional defenses. If the insurance companies are successful, it will be due to a finding that the losses were caused by events independent of the bond; this defense is as applicable against ABIGL as it is against Allied.
Had Allied attempted to amend its complaint to add another plaintiff, at a much later date, defendants might be in a position to claim substantial prejudice. (See, e.g., Gross v Russo, 54 AD2d 706 [2d Dept 1976] [holding that a defendant, who was aware of facts at a much earlier time, was barred from asserting a counterclaim because he waited until the eve of trial to do so].) In the instant case, plaintiff has moved while discovery is still in progress, and defendants are clearly in a position to obtain any additional information they may require about the transaction in question.
For these reasons, the motion to add a party plaintiff is granted. That portion of the plaintiff’s motion to amend which would reduce the amount of compensatory damages claimed in the complaint and provide a more accurate description of the accounts involved is granted on consent.
That portion of the motion which seeks costs is withdrawn.
*725 The cross motion by defendants to compel responses to the interrogatories served upon plaintiff is granted and responses shall be served within 20 days after service of a copy of this order with notice of entry.
The amended complaint annexed to the moving papers is deemed served upon service of a copy of this order with notice of entry.