■ MATTIE CLAUSELL, Respondent, v JOEL ULLMAN et al., Appellants.—In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered May 27, 1987, which granted the plaintiff's motion to amend her complaint.

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion is denied.

Over four years after the commission of the alleged medical malpractice and some two years after the commencement of her lawsuit, the plaintiff moved for an order permitting her to amend her complaint so as to add a claim for loss of services on behalf of her husband. Although the plaintiff's husband was not a party to the suit and although she did not request leave to add him as a party, the court nevertheless construed the application as one seeking to add the husband as a party, and over the defendants' objections that the loss of services claim was time barred granted the plaintiff's motion to amend. We reverse.

Since the husband's cause of action for loss of services was time barred when the plaintiff sought to amend the complaint, the court erred in granting her motion. The husband, who possessed the claim sought to be added, was never a party to the action and, moreover, the prior pleadings gave the defen-

dants no notice that a claim for loss of services would be asserted. In light of the foregoing, the husband's action cannot be construed as relating back to the time when the action was originally commenced and is, therefore, time barred under the Statute of Limitations *(see,* CPLR 203 [e]; *Laudico v Sears, Roebuck & Co.,* 125 AD2d 960, 961; *cf., Scharfman v National Jewish Hosp. & Research Center,* 122 AD2d 939, 940). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.