■ BERYL A. ANDERSON, Respondent, v KRISTI M. CARNEY, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered August 15, 1989 in Albany County, which granted plaintiff's motion for leave to serve an amended complaint.

Plaintiff commenced this action on October 3, 1988 to recover for injuries allegedly sustained in an automobile accident occurring on December 20, 1985. On April 28, 1989, plaintiff moved to amend her complaint to, inter alia, add her spouse as a plaintiff and assert his derivative claim for loss of consortium and companionship. Defendant opposed the mo-

tion, contending that the derivative cause of action was barred by the applicable Statute of Limitations. Supreme Court granted the motion, finding that the added claim "related back" to the original action. Defendant now appeals.

We affirm. Generally, leave to amend a pleading to assert a new cause of action is not precluded by untimeliness so long as the earlier pleading gave the adverse party sufficient notice of the transaction out of which the new claim arises *(see,* CPLR 203 [e]; *Bellini v Gersalle Realty Corp.,* 120 AD2d 345, 347-348). The derivative claim sought to be added here relates to the same series of events as the original complaint. We conclude then, that Supreme Court properly allowed plaintiff to amend the complaint.

In so finding, we express our disagreement with the line of cases which has held that a spouse's derivative cause of action for loss of services cannot be added to a pending action through the "relating back" provisions of CPLR 203 (e) upon a motion to amend the complaint after the Statute of Limitations has run as to the main action *(see, e.g., Odell v Dalrymple,* 156 AD2d 967 [4th Dept]; *Clausell v Ullman,* 141 AD2d 690 [2d Dept]; *Laudico v Sears, Roebuck & Co.,* 125 AD2d 960, 961 [4th Dept]). We are instructed that CPLR 203 (e) is available to add third-party defendants as defendants after the Statute of Limitations has run as an application addressed to the sound discretion of the trial court upon a motion to amend the complaint, and requires the court to determine, as a question of fact, whether any prejudice will result from a retroactive amendment (CPLR 3025 [b]; *see, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 477).

Here, we have a simple rear-end collision where plaintiff's action was commenced a few months before the expiration of the Statute of Limitations. The motion to amend to add a derivative cause of action on behalf of plaintiff's husband followed a few months later, grounded upon the same liability asserted in the original complaint *(see, Schleidt v Stamler,* 106 AD2d 264, 266; *see also, Howard v Hachigian,* 88 AD2d 1064, 1065; *Rivera v St. Luke's Hosp.,* 102 Misc 2d 727, 729). In the absence of any prejudice and under these circumstances, Supreme Court should be permitted to exercise that same discretion which would allow the addition of a *plaintiff's* derivative cause of action. We cannot accept the proposition that such a new plaintiff is "a complete stranger to the suit". Moreover, defendant is and has been a participant in the pending litigation and has, presumably, made a thorough investigation as to issues of liability *(see, Liverpool v Arverne*

*Houses,* 67 NY2d 878, 879; *Mastandrea v State of New York,* 57 AD2d 679). In addition, particulars of the limited damages claimed are readily available through discovery.

We therefore conclude that, upon policy considerations underlying the relevant statutes, and in consideration of principles of fairness and the lack of the showing of any prejudice to defendant, in this case the granting of the motion to amend the complaint was a valid exercise of the sound discretion of Supreme Court; its order should therefore be affirmed *(see, Caffaro v Trayna,* 35 NY2d 245, 250).

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll and Harvey, JJ., concur.

Yesawich, Jr., J., dissents and votes to reverse in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent.

Pleading amendments which merely add or substitute parties, " 'where the cause of action remains unchanged' ", have been liberally allowed *(Schleidt v Stamler,* 106 AD2d 264, 266, quoting *Van der Stegen v Neuss, Hesslein & Co.,* 243 App Div 122, 131, *affd* 270 NY 55; *see, e.g., Bellini v Gersalle Realty Corp.,* 120 AD2d 345, 347; *cf., Howard v Hachigian,* 88 AD2d 1064, 1065, *appeal dismissed* 57 NY2d 955 [in which a party unsuccessfully attempted to assert a new cause of action against the same party after the Statute of Limitations had run]). Here, however, plaintiff seeks to add not only an additional party, but also a new and distinct cause of action of which the pleadings failed to give any notice (*see,* CPLR 203 [e]).

By permitting this amendment, Supreme Court effectively extended the Statute of Limitations, thereby encroaching on the Legislature's prerogative. It is a simple and immutable fact that the fixing of time periods within which actions must be brought is the Legislature's function. No court has the power to "extend the time limited by law for the commencement of an action" (CPLR 201). Moreover, adopting the majority's view will produce uncertainty because now the time period within which an action can be brought depends upon the discretion of the particular court presented with motions of this kind. Obviously this policy will not ensure that repose to human affairs which Statutes of Limitations are designed to achieve *(see, Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, 429). For these reasons, I incline to the result reached in *Odell v Dalrymple* (156 AD2d 967), *Clausell v Ullman* (141 AD2d 690, 691) and *Laudico v Sears, Roebuck & Co.* (125 AD2d 960, 961), and accordingly vote to reverse Supreme Court's order.