**Alvin MATHEWS, Plaintiff,**

v.

**NOVARTIS PHARMACEUTICALS CORP., Defendant.**

**Case No. 3:12–cv–314.**

United States District Court,
S.D. Ohio,
Western Division.

July 12, 2013.

---

Daniel Adam Osborn, Philip Jeremy Miller, Osborn Law, P.C., New York, NY, Frank E. Piscitelli, Jr., Highland Heights, OH, Robert Geoffrey Germany, Pittman Germany, Roberts, Welsh, LLP, Jackson, MS, for Plaintiff.

Diane E. Lifton, Gibbons P.C., New York, NY, Joe Gregory Hollingsworth, Donald W. Fowler, Spriggs & Hollingsworth, Katharine R. Latimer, Patrick R. Harkins, Robert E. Johnston, Hollingsworth, L.L.P., Washington, DC, Megan Beth Gramke, Ulmer & Berne, Cincinnati, OH, Rex A. Littrell, Columbus, OH, for Defendant.

## DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. # 18)

WALTER H. RICE, District Judge.

Plaintiff Alvin Mathews, an Ohio resident, filed suit in the United States District Court for the Southern District of New York against Novartis Pharmaceuticals Corporation ("NPC"), alleging that NPC's drug Aredia® caused him to develop osteonecrosis of the jaw ("ONJ"), a painful and debilitating medical condition involving the death of part of the jawbone. Plaintiff asserted strict product liability claims of design defect and failure to warn, and claims of negligence, breach of express warranty and breach of implied warranty.

The Judicial Panel on Multidistrict Litigation previously consolidated this case with approximately 150 similar cases for pre-trial purposes. In January of 2012, the case was remanded to the United States District Court for the Southern District of New York, and it was recently transferred to this Court pursuant to 29 U.S.C. § 1404(a).

This matter is currently before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. Doc. # 18. He seeks to add a prayer for punitive damages, to add his wife, Anita Mathews, as a party plaintiff, and to assert a loss of consortium claim on her behalf.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In *Foman v. Davis,* the Supreme Court explained:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amend-

ments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Defendant opposes Plaintiff's Motion for Leave to File an Amended Complaint on grounds of undue delay, undue prejudice, and futility. The Court notes that Plaintiff has not filed a reply brief. For each of the reasons argued by Defendant, the Court overrules Plaintiff's motion.

■ Plaintiff acknowledges that this case was initially filed more than six years ago, but argues that he did not discover the facts to support his claim for punitive damages until he conducted discovery in the MDL litigation. Defendant notes, however, that discovery was completed in July of 2011, and Plaintiff did not file his motion for leave to amend the complaint until January of 2013. Moreover, Plaintiff's counsel, who has filed hundreds of similar suits against NPC, included claims for punitive damages in many of those cases as early as 2007. In addition, Plaintiff makes absolutely no effort to explain why he waited so long to seek leave to add a claim for loss of consortium. Under these circumstances, the Court finds undue delay in seeking leave to amend.

■ The Court also finds that permitting Plaintiff to add new claims at this stage of the litigation would result in undue prejudice to Defendant. With respect to the loss of consortium claim, Plaintiff argues that because the parties have already agreed that damages discovery would be conducted following remand, Anita Mathews will need to be deposed anyway. Defendant notes, however, that the fact depositions of Plaintiff, Plaintiff's treating physicians, and expert witnesses have already been completed, and they were not questioned about the loss of consortium claim. To reopen discovery at this late date and force Defendant to prepare a defense to this new claim would be unduly prejudicial.

It would be even more prejudicial to allow Plaintiff to add a claim for punitive damages at this stage of the litigation. As Defendant points out, a punitive damages claim greatly increases "the universe of potentially admissible evidence." Doc. # 20, at 7. In this particular case, Defendant did not conduct depositions with the thought of having to defend against allegations of corporate misconduct, fraud and malice. Therefore, additional discovery would be needed.

Finally, Defendant argues that the Court should overrule Plaintiff's motion because the proposed amendments would be futile. Defendant first argues that the loss of consortium claim is barred by the applicable statute of limitations. Because this case was filed in New York and then transferred here, the Court must apply New York's substantive law, including its statute of limitations. *Ferens v. John Deere Co.*, 494 U.S. 516, 523, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990); *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

New York law provides that when a nonresident's cause of action accrues in a state other than New York, the claim must be timely filed under the laws of both states. N.Y. C.P.L.R. § 202. In this case, because Plaintiff was injured in Ohio, his cause of action accrued here. *Martin v. Dierck Equip. Co.*, 43 N.Y.2d 583, 591, 403 N.Y.S.2d 185, 374 N.E.2d 97 (N.Y.1978). Although Ohio has a 4–year statute of limitations on claims for loss of consortium, Ohio Rev.Code § 2305.09(D), New York's statute of limitations is only 3 years, N.Y. C.P.L.R. § 214. Therefore, the 3–year statute of limitations governs.

■ A claim for loss of consortium accrues at the time the actionable conduct

occurs. *Lesocovich v. 180 Madison Ave. Corp.*, 165 A.D.2d 963, 561 N.Y.S.2d 851, 852 (1990). Therefore, as Defendant notes, Anita Mathew's claim for loss of consortium would have accrued no later than December 6, 2006, the date this lawsuit was filed. Plaintiff's motion for leave to add the claim was not filed until January 7, 2013, making it untimely under either New York or Ohio law. Because Anita Mathews was never a party to this action, and the prior pleadings did not put Defendant on notice that such a claim would be asserted, the claim does not relate back to the filing of the original Complaint. *See* N.Y. C.P.L.R. § 203(f); *Clausell v. Ullman*, 141 A.D.2d 690, 529 N.Y.S.2d 575, 576 (1988). Because the loss of consortium claim would be time-barred, it would be futile to allow Plaintiff to amend the Complaint to add it.

Likewise, allowing Plaintiff to add a claim for punitive damages would be futile. Plaintiff argues that there is substantial evidence to support an award of punitive damages, and notes that punitive damages have been awarded in two other cases involving Aredia® and Zometa®.[1] *See Fussman v. Novartis Pharms. Corp.*, No. 1:06–cv–149 (M.D.N.C.2010), and *Davids v. Novartis Pharms. Corp.*, No. 06–CV–0431 (E.D.N.Y.2012).

Defendant argues, however, that punitive damages are foreclosed under applicable New Jersey law. Defendant maintains that New Jersey law applies to the punitive damages claim because that is where Defendant's headquarters are located, and where the alleged corporate conduct giving rise to the claim for punitive damages occurred.

As previously noted, because this case was transferred to this Court from New York pursuant to § 1404(a), the Court must apply New York substantive law. The Court must also apply New York's choice-of-law rules when resolving any conflict-of-laws issues. *Ferens,* 494 U.S. at 523, 110 S.Ct. 1274; *Phelps,* 30 F.3d at 663.

Under New York law, the Court must first determine whether an actual conflict of laws exists. *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir.1998). Here, there is a clear conflict. Under the New Jersey Products Liability Act ("NJPLA"), if the FDA approved the product at issue, punitive damages are not available unless "the product manufacturer knowingly withheld or misrepresented information required to be submitted under the agency's regulations, which information was material and relevant to the harm in question." N.J. Stat. Ann. § 2A:58C–5(c). New York law, on the other hand, contains no such bar on punitive damages.

When a conflict exists, the Court must apply the law of the state with the greatest interest in the litigation. *Curley,* 153 F.3d at 12. If the conflict involves a rule that regulates conduct—like the rule governing punitive damages—"the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *Id.* (quoting *Cooney v. Osgood Mach., Inc.,* 81 N.Y.2d 66, 72, 595 N.Y.S.2d 919, 612 N.E.2d 277 (N.Y.1993)).

Here, because the alleged corporate misconduct took place in New Jersey, New Jersey law governs Plaintiff's proposed claim for punitive damages. *See Deutsch v. Novartis Pharms. Corp.,* 723 F.Supp.2d 521, 525–26 (E.D.N.Y.2010); *Brown v. Novartis Pharms. Corp.,* No. 7:08–cv–00130–FL, 2011 WL 6318987, at *4 (E.D.N.C. Dec. 16, 2011); *Talley v. Novartis Pharms. Corp.,* No. 3:08–cv–361–

---

1. Zometa® is Aredia's® "successor" drug.

GCM, 2011 WL 2559974, at *5 (W.D.N.C. June 28, 2011); *Guenther v. Novartis Pharms. Corp.*, No. 6:08–cv–456, 2013 WL 1225391, at *2 (M.D.Fla. March 27, 2013); *Chiles v. Novartis Pharms. Corp.*, 923 F.Supp.2d 1330, 1334 (M.D.Fla.2013).

■ Under New Jersey law, because the FDA approved Aredia®, Plaintiff cannot recover punitive damages unless the "fraud-on-the-FDA" exception set forth in N.J. Stat. Ann. § 2A:58C–5(c) applies, *i.e.,* "the product manufacturer knowingly withheld or misrepresented information required to be submitted under the agency's regulations, which information was material and relevant to the harm in question."

Even if Plaintiff had sufficient evidence to support such a claim, the problem is that New Jersey courts have held that this "fraud-on-the-FDA" exception is impliedly pre-empted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.,* thereby foreclosing claims for punitive damages in product liability cases. *See McDarby v. Merck & Co.*, 401 N.J.Super. 10, 94, 949 A.2d 223 (N.J.Super.Ct.App.Div.2008) (relying on *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001)); *Cornett v. Johnson & Johnson,* 414 N.J.Super. 365, 405, 998 A.2d 543 (N.J.Super.Ct.App.Div.2010) (holding that *Buckman* and *McDarby* precluded plaintiff's claim for punitive damages); *Bessemer v. Novartis Pharms. Corp.*, No. MID–L–1835–08 (N.J. filed April 30, 2010) (attached as Ex. 9 to Def.'s Mem. in Opp'n to Motion for Leave to File Am. Compl.). *See also Guenther,* 2013 WL 1225391, at *4

(finding that N.J. Stat. Ann. § 2A:58C–5(c) is preempted by the FDCA).

Plaintiff notes that at least one court has disagreed with the holding in *McDarby. See Forman v. Novartis Pharms. Corp.*, 793 F.Supp.2d 598 (E.D.N.Y.2011). Nevertheless, a New York court's interpretation of New Jersey law is not binding authority. *McDarby* governs the issue in this case and forecloses Plaintiff's claim for punitive damages. It would therefore be futile for the Court to grant Plaintiff's request for leave to amend the Complaint to assert such a claim.[2]

For the reasons set forth above, the Court OVERRULES Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. # 18).

---

**2.** Defendant also argues that allowing Plaintiff to bring a claim for punitive damages would be futile because: (1) private litigants lack standing to enforce alleged violations of the FDCA when the FDA has not itself concluded that there was a violation, *see Photo-Medex, Inc. v. Irwin,* 601 F.3d 919, 924 (9th Cir.2010); and (2) Plaintiff lacks sufficient evidence to establish the "fraud-on-the-FDA" exception, *see* N.J. Stat. Ann. § 2A:58C–5c. Because the Court finds that the punitive damages claim is preempted by federal law, there is no need to consider these alternative arguments.